IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM VELASCO ) | |
| ) | |
| Plaintiff ) | |
| v. ) | |
| ) | No. 3:15-cv-00615 |
| BLUE CROSS BLUE SHIELD OF TEXAS, ) | |
| A DIVISION OF HEALTH CARE ) | |
| SERVICE CORPORATION ) | |
| ) | |
| Defendant ) | |

## APPENDIX TO NOTICE OF REMOVAL

Defendant Blue Cross Blue Shield of Texas, a division of Health Care Service Corporation, a Mutual Legal Reserve Company ("BCBSTX") respectfully files the following Appendix to Notice of Removal, in accordance with Local Rule 81.1.

Exhibit 1:   Docket sheet from Cause No. DC-15-00378; William Velasco v. Blue Cross Blue Shield of Texas; In the 162nd Judicial District Court, Dallas County, Texas.

Exhibit 2:   Original Citation to Blue Cross Blue Shield of Texas in Cause No. DC-15-00378.

Exhibit 3:   Original Petition in Cause No. DC-15-00378.

Exhibit 4:   Original Answer of Blue Cross Blue Shield of Texas in Cause No. DC-15-00378

Respectfully submitted,

By: /s/ Andrew F. MacRae
    ANDREW F. MACRAE
    *State Bar No. 00784510*
    LEVATINO|PACE LLP
    1101 S. Capital of Texas Highway
    Building K, Suite 125
    Austin, Texas 78746
    Tel:  (512) 637-1581
    Fax:  (512) 637-1583

    ATTORNEYS FOR DEFENDANT
    BLUE CROSS BLUE SHIELD OF TEXAS

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of this Appendix to Notice of Removal has been filed through the CM/ECF system on this 20th day of February, 2015. A copy of this Appendix to Notice of Removal has also been forwarded via electronic mail, as follows:

Mark S. Humphrey
Mark S. Humphreys, P.C.
702 Dalworth Street
Grand Prairie, Texas 75050

    /s/ Andrew F. MacRae
    Andrew F. MacRae

2

Skip to Main Content  Logout  My Account  Search Menu  New Civil District Search  Refine Search  Back   Location : All District Civil Courts   Images  Help

# REGISTER OF ACTIONS
## CASE NO. DC-15-00378

| | | | |
|---|---|---|---|
| WILLIAM VELASCO vs. BLUE CROSS BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION | § § § § § | Case Type:<br>Date Filed:<br>Location: | CNTR CNSMR COM DEBT<br>01/13/2015<br>162nd District Court |

---

### PARTY INFORMATION

| | Lead Attorneys |
|---|---|
| **DEFENDANT** BLUE CROSS BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION | **ANDREW FAIRLES MACRAE**<br>*Retained*<br>512-637-1581(W) |
| **PLAINTIFF** VELASCO, WILLIAM | **MARK HUMPHREYS**<br>*Retained*<br>972-263-3722(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 01/13/2015 | NEW CASE FILED (OCA) - CIVIL |
| 01/13/2015 | ORIGINAL PETITION<br>*PLAINTIFF'S ORIGINAL PETITION* |
| 01/14/2015 | ISSUE CITATION |
| 01/14/2015 | CITATION<br>E-SERVE #3766399/CT<br>  BLUE CROSS BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION    Unserved |
| 01/14/2015 | CITATION ISSUED |
| 02/16/2015 | ORIGINAL ANSWER - GENERAL DENIAL |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | PLAINTIFF VELASCO, WILLIAM<br>Total Financial Assessment<br>Total Payments and Credits<br>Balance Due as of 02/20/2015 | | 285.00<br>285.00<br>0.00 |
| 01/13/2015 | Transaction Assessment | | 285.00 |
| 01/13/2015 | CREDIT CARD - TEXFILE (DC)   Receipt # 2091-2015-DCLK | VELASCO, WILLIAM | (285.00) |





EXHIBIT
1

http://courts.dallascounty.org/CaseDetail.aspx?CaseID=4964480

7002 0860 0003 3189 6458

**FORM NO. 353-3 - CITATION**
## THE STATE OF TEXAS

To:
    BLUE CROSS BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION
    B/S CORPORATION SERVICE COMPANY
    211 EAST 7TH STREET SUITE 620
    AUSTIN TX 78701

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **petition**, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **WILLIAM VELASCO**

Filed in said Court **13th day of January, 2015** against

**BLUE CROSS BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION**

For Suit, said suit being numbered <u>**DC-15-00378,**</u> the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 14th day of January, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

          /s/ Candace Tyler
By_____, Deputy
          CANDACE TYLER



---

<u>E-SERVE</u>

## CITATION

**DC-15-00378**

---

**WILLIAM VELASCO**
vs.
**BLUE CROSS BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION**

ISSUED THIS
**14th day of January, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CANDACE TYLER, Deputy

---

Attorney for Plaintiff
MARK HUMPHREYS
MARK S HUMPHREYS PC
702 DALWORTH STREET
GRAND PRAIRIE TX 75050
972-263-3722

**DALLAS COUNTY
SERVICE FEES
NOT PAID**


EXHIBIT 2

FILED
DALLAS COUNTY
1/13/2015 3:51:49 PM
FELICIA PITRE
DISTRICT CLERK
Candace Tyler

Cause No. DC-15-00378

| | | |
|---|---|---|
| William Velasco | § § | In the _____ Judicial |
| V. | § § | District Court of |
| Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation | § § | Dallas County, Texas |

PLAINTIFF'S ORIGINAL PETITION
(with Disclosure Request)

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES William Velasco (491 / 513), hereinafter called Plaintiff, complaining of and about **Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation**, hereinafter called Defendant, and for cause of action shows unto the Court the following:

1. **SERVICE**

Defendant Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation (BCBS) is an insurance company, doing business in the State of Texas. Said Defendant can be served through its attorney for service: Corporation Service Company, 211 East 7TH Street #620, Austin, Texas 78701-3218

2. **JURISDICTION**

The subject matter in controversy is within the jurisdictional limits of this court in that Plaintiff seeks recovery of over $200,000.00 but not more than $1,000,000.

3. **VENUE**

Pursuant to Texas Civil Practice & Remedies Code, §15.032, venue in Dallas County is proper in this cause in that it is where the insured instituting this suit resided at the time the cause of action occurred.

4. **AGENCY AND VICARIOUS LIABILITY.**

Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

5. **WRITTEN NOTICE GIVEN.**

A.  Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

EXHIBIT
3

B.  Notice letter was issued **August 25, 2014**, and this lawsuit is being filed after the expiration of 60 days.

6.  **FACTS**

A.  On December 26, 2013, Plaintiff had a policy of insurance with Defendant that was in full force and effect.

B.  The policy had been in effect about 3 years.

C.  Plaintiff made the December payment on December 6, 2013, which Defendant received and negotiated on or before December 12, 2013.

D.  On December 26, 2013, Plaintiff suffered a type of loss that is covered by the policy of insurance.

E.  The policy was in effect through December 31, 2013.

F.  Defendant have failed / refused to pay medical expenses incurred by Plaintiff from December 26, 2013, through December 31, 2013.

G.  These medical expenses total $105,998.00.

7.  **VIOLATIONS OF THE TEXAS INSURANCE CODE**

A.  It is Plaintiff's contention that Defendant's conduct constitutes unfair and deceptive acts or practices in the business of insurance in violation of the Texas Deceptive Trade Practices Act and breach of contract for which Defendant can be held responsible.

B.  It appears that Defendant intentionally or in a negligent manner handled Plaintiff's claim. Plaintiff incorporates herein all the facts as set forth above. Defendant's conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

   1. TIC §541.060(a)(1):   Defendant violated this section by misrepresenting to Plaintiff a material fact or policy provision relating to coverage by telling Plaintiff Defendant would cover medical expenses when Defendant is refusing to do so.
   2. TIC §541.060(a)(2)(B):   Defendant violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim when Defendant's liability has become reasonably clear in that the claim should have been paid within 30 days of being submitted, which was late January 2014, and Plaintiff has not been paid.
   3. TIC §541.060(a)(3):   Defendant violated this section by failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, Defendant's denial of Plaintiff's claim.
   4. TIC §541.060(a)(4)(A):   Defendant violated this section by failing to within a reasonable time to affirm or deny coverage to Plaintiff.
   5. TIC §541.060(a)(7):   Defendant violated this section by refusing to pay a claim without conducting a reasonable investigation with respect to the claim in that it appears Defendant has not investigated this claim at all or sufficiently as to determine payment.

6. TIC §541.061(1): Defendant violated this section by making an untrue statement of material fact, i.e., that Defendant would cover medical expenses incurred as the result of an accident when in fact Defendant is refusing to do so.
7. TIC §542.003(4): Defendant violated this section by not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear.
8. TIC §542.056 and §542.057: Defendant violated these sections by failing to pay the claim timely.

## 8. BREACH OF CONTRACT

It is our contention that Defendant's conduct constitutes unfair and deceptive acts or practices in the business of insurance in breach of contract for which Defendant can be held responsible, to-wit:

On December 26, 2013, through December 31, 2013, there existed a valid, enforceable insurance contract between Defendant and Plaintiff.

Plaintiff is a proper party to sue for breach of the insurance contract.

Plaintiff performed under the insurance contract.

Defendant has breached the insurance contract by failing to pay benefits.

Defendant's breach of the insurance contract has caused harm to Plaintiff.

## 9. PROMPT PAYMENT OF CLAIMS

A. Defendant failed to make prompt payment of claims in accordance to Article §542.055 thru §542.060 of the Texas Insurance Code. The Defendants after receiving all items, statements, and forms reasonably requested and required under Section §542.055 have allowed more than 60 days to expire without paying the claim for benefits.

B. Plaintiff seeks damages under Article §542.055 thru §542.060 of the Texas Insurance Code for actual damages plus 18% per annum of such damages and attorney fees allowed under Article §542.055 thru §542.060 from March 1, 2013.

## 10. DAMAGES FOR MENTAL ANGUISH.

As a result of such acts, practices and/or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to §17.50(b)(1) of the Texas Business and Commerce Code and Texas Insurance Code.

## 11. DAMAGES.

Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein are unpaid bills from the following medical providers

- A. Methodist Dallas Medical Center
- B. Radiological Consultant Association
- C. Anesthesia Consultant Dallas
- D. MedHealth
- E. North Texas Cardiovascular Associates
- F. Synerprise Consulting Services, Inc.
- G. Texas Physician Resources, LLP
- H. Henry C. Jefferson MD, PLLC
- I. DFW Vascular Group, LLP
- J. Maryam Raza MDPA
- K. City of Dallas (Ambulance)

## 12. DISCOVERY – REQUEST FOR DISCLOSURE TO DEFENDANT:

A. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant **Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation** is requested to disclose, within fifty (50) days of service of this request, the information or material as set forth in R.194.2(a) through R.194.2(l). A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

B. The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorney. If a Defendant fails to comply with the requirements above, the Court may order sanctions against such Defendant in accordance with the Texas Rules of Civil Procedure.

## 13. USE OF DOCUMENTS:

Pursuant to Rule §193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to the Defendant that she intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

## 14. ATTORNEY'S FEES.

Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) §17.50(d) of the Texas Business and Commerce Code; (b) §16(b)(1), by §541.152(a)(1), of the Texas Insurance Code; (c) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (d) common law.

## 15. PRE-JUDGMENT INTEREST.

As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that he is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of

this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

### 16. POST JUDGMENT INTEREST.

As a result of the injuries sustained by Plaintiff and in addition to such damages, Plaintiff will show that he is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

### 17. COSTS OF SUIT.

A. In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

B. Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

### 18. REQUEST FOR JURY TRIAL.

Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

### 19. PRAYER.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic and actual damages; exemplary damages requested herein above in an amount in excess of the minimum jurisdictional limits of the Court; together with prejudgment and post-judgment interest at the maximum rate allowed by law, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

SIGNED on January 13, 2015.

Respectfully submitted,

_/s/ Mark Humphreys_
BY: Mark S. Humphreys - SBOT #00789762

MARK S. HUMPHREYS, P.C.
702 Dalworth Street, Grand Prairie, Texas 75050
Tel. (972) 263-3722     *     Fax. (972) 237-1690
Email: texaslaw94@yahoo.com
**Attorney for William Velasco**

FILED
DALLAS COUNTY
2/16/2015 9:36:54 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-15-00378

| | | |
|---|---|---|
| WILLIAM VELASCO | ) | IN THE DISTRICT COURT |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | DALLAS COUNTY, TEXAS |
| BLUE CROSS BLUE SHIELD | ) | |
| OF TEXAS, A DIVISION OF HEALTH | ) | |
| CARE SERVICE CORPORATION | ) | |
| | ) | |
| Defendant | ) | 162ND JUDICIAL DISTRICT |

## ORIGINAL ANSWER

Defendant Blue Cross Blue Shield of Texas, a division of Health Care Service Corporation, a Mutual Legal Reserve Company ("BCBSTX") files the following Original Answer to Plaintiff's Original Petition.

### General Denial

BCBSTX enters a General Denial pursuant to Rule 92.

WHEREFORE, PREMISES CONSIDERED, Defendant Blue Cross Blue Shield of Texas requests that Plaintiff take nothing by his suit, and that BCBSTX be awarded its costs of court. BCBSTX further requests such other relief, both legal and equitable, to which it may show itself justly entitled.



EXHIBIT 4

Respectfully submitted,

By: /s/ Andrew F. MacRae
    ANDREW F. MACRAE
    *State Bar No. 00784510*
    LEVATINO|PACE LLP
    1101 S. Capital of Texas Highway
    Building K, Suite 125
    Austin, Texas 78746
    Tel: (512) 637-1581
    Fax: (512) 637-1583
    andrew@lpfirm.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Original Answer has been forwarded to all counsel of record, via facsimile and/or electronic filing, this 16th day of February, 2015, as follows:

Mark S. Humphreys
Mark S. Humphreys, P.C.
702 Dalworth Street
Grand Prairie, Texas 75050

        /s/ Andrew F. MacRae
        Andrew F. MacRae